UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ



UNITED STATES OF AMERICA,
    Plaintiff,

v.

MARK CARATTINI,
    Defendant.
_____/

**DEFENDANT/PROBATIONER'S RESPONSE TO VIOLATION
OF PROBATION AND REQUEST FOR SUMMONS, PETITION AND
TWO AMENDED VIOLATION OF PROBATION PETITION**

    Defendant, MARK CARATTINI, by and through his undersigned counsel, James S. Benjamin, Esquire, BENJAMIN & AARONSON, P.A., files this written summary response to Probation Officer's petitions as follows:

    1. Some time before the original Violation of Probation petition was filed with this Honorable Court, Mr. Carattini and counsel were aware of Probation Officer, Steve Aasterud's intention to file said document.

    2. Mr. Carattini continued to report to his Probation Officer and comply with the conditions of his probation.

    3. On Friday, September 19, 2003, Mr. Carattini, pursuant to instructions from his Probation Officer, responded to his Probation Officer's office where he was arrested by the U.S. Marshalls on the warrant issued by this Honorable Court.



4. That on Tuesday, September 22, 2003, Mr. Carattini appeared before the Honorable U.S. Magistrate, Patrick White, wherein Probation Officer, Steven Aasterud addressed the Court; that Mr. Carattini was represented by undersigned counsel; and the Court set a bond hearing on this matter for Friday, September 26, 2003.

5. On Friday, September 26, 2003, Mr. Carattini's bond was set at a $25,000.00 10% bond co-signed by his Mother, Joan Carattini, and his sister, Diane Duggan, coupled with a $75,000.00 personal surety, also co-signed by the same two individuals.

6. Later that afternoon, the 10% monetary obligation was posted with the Clerk of the Court's office and Mr. Carattini was released.

7. Immediately upon Mr. Carattini's release, undersigned counsel contacted Probation Officer, Steve Aasterud, left a message on his voice mail and after unsuccessfully attempting to reach the probation officer personally, undersigned counsel contacted the duty probation officer, who left instructions that Mr. Carattini was to remain home until contacted by Mr. Aasterud on Monday morning, or in the alternative, if Mr Carattini did not hear from the probation officer, he was ordered to contact the probation officer on Monday morning.

8. Undersigned counsel contacted Probation Officer, Steve Aasterud, on the afternoon of Monday, September 29, 2003, and was informed by the probation officer that he indeed, filed an Amended Petition for Violation of Probation. Undersigned counsel was already aware of this impending amended petition as the probation officer had explained the allegations of the amended petition to undersigned counsel prior to and at the initial hearing which took back on September 23, 2003.

## THE ALLEGATIONS

9. Since the time of the Defendant's sentencing, the Defendant lived with his girlfriend, Rhianna Heed. They have had a relationship for approximately the last three years. In the last several months, the relationship between Mr. Carattini and Ms. Heed has deteoriated and presently the parties believe the relationship is over.

10. During this breakup period, there have been several points of contention that have caused friction between Mr. Carattini and Ms. Heed concerning the logistics and especially financial matters surrounding the couple. The home that the couple live in, located at 8096 Buttonwood Circle, Tamarac, Florida, is legally titled in Rhianna Heed's name. Equitably, the home is owned by Mr. Carattini and Ms. Heed. Part of the conflict in the last few months during the couple's on again - off again relationship has been the logistics of the sale and distribution of the proceeds of the home. Both parties have been in full agreement that once the home is sold, the proceeds would be split equally between the two parties. Due to mistrust that developed between the couple, the logistics of how the sale is going to take place and who is going to live in the premises during the breakup was the point of conflict between the couple.

11. During this breakup period, the home was re-financed and Rhianna Heed signed a large stack of papers related to the re-financing at a title company's office. It is believed that a quit claim deed conveying the property from Rhianna Heed, singularly, to Rhianna Heed and Mark Carattini as joint tenants was among those documents.

12. Ms. Heed has been extensively interviewed by undersigned counsel and she cannot testify that she did not sign that quit claim deed at the time of the re-financing of the premises at the closing at the title company. She readily admits that she did not read all of the documents that were before her at the closing at the title company, does not remember specifically signing the quit claim deed, but cannot rule out the possibility that she did.

13. That document was subsequently filed with the official records of Broward County.

14. Ms. Heed alleges that she discovered the existence of this officially recorded quit claim deed on Tuesday, September 16, 2003. At that time, Ms. Heed was concerned that because the home was now legally in both of the parties names that if Mr. Carattini wanted to affect Ms. Heed financially, he could hold up any possible re-financing or other disposal of the property, due to the fact that it was now in both their names. None of these concerns of Ms. Heed were brought to a head as Mr. Carattini and Ms. Heed and agreed to and went to the premises of Reliant Title Services on September 17, 2003, the very next day and Mr. Carattini executed a warranty deed conveying title to the premises back to Ms. Heed, alone. Mr. Carattini was in possession of the deed when he was arrested in the probation office on September 19, 2003. (A copy of the warranty deed is attached hereto and incorporated herein by reference as Exhibit A.)

15. On or about the date of September 16, 2003, when Ms. Heed found out about the original quit claim deed, she immediately called Mr. Carattini's probation officer and reported the incident, which the probation officer, characterized as a "forgery."

This information concerning this "alleged forgery" was communicated verbally to this Honorable Court, and as a result, it is believed, the reason this Honorable Court issued a warrant for Mr. Carattini's arrest as opposed to a summons as requested in the initial Petition for violation of Mr. Carattini.

16. At no time was it Mr. Carattini's intention to disrupt, affect, or in any way, negatively impact Ms. Heed's financial status. In reality, the legal status of the property in both Ms. Heed and Mr. Carattini's names, would be nothing more than the legal recognition of the already equitable truth as to the ownership of the property. Regardless, when Mr. Carattini found Ms. Heed's objection to the property being continued to be in both their names, he immediately entered into the document to correct the problem conveying the property back to Ms. Heed's name only.

17. As to the child support payments, presently Mr. Carattini is absolutely in full compliance with his child support obligations to the mother of his child. Upon information and belief, Sherry Zeibert has contacted Probation Officer, Steve Aasterud, and confirmed that Mr. Carattini is current on his child support obligations and has urged Mr. Aasterud not to affect Mr. Carattini's ability to continue to pay child support.

18. When Mr. Carattini learned that the payment that is the subject matter of the violation, was not received by the Fla. Dept. of Revenue, the very next day Mr. Carattini issued two more checks for $750.00 each to the Dept. of Revenue for his currently due payment and the past payment that he learned was received by the Department, by certified mail.

19. On the subject of the community service hours. Mr. Carattini was ordered to perform 100 hours of community service during the four years of reporting probation he was sentenced to by the Court. There remain approximately 3 ½ years left on Mr. Carattini's probation. He has performed, by the Probation Officer's calculation, approximately 8 hours community service to date. On the two occasions that are the subject matter of the petition, Mr. Carattini was feeling ill and called the library where he was supposed to perform the community service and notified them that he was ill and unable to perform the community service on those specific two occasions. Never has Mr. Carattini refused to complete the 100 hours of community service work which he was directed to do by this Honorable Court within the four years that he has to serve on probation.

20. Mr. Carattini has not been arrested, nor has he committed any substantive violation of the law since being placed on probation.

21. Mr. Carattini is not a flight risk or a danger to the community and it is respectfully requested that this Honorable Court allow Mr. Carattini to remain on the bond that he is presently released upon, the $25,000.00 10% bond and the $75,000.00 surety bond, which included special conditions that were previously ordered, all by this Honorable Court.

22. There are other details and facts that this Honorable Court should have the opportunity to hear before deciding on a final disposition of Mr. Carattini's violation of probation petition.

**WHEREFORE,** the Defendant prays this Honorable Court allow Mr. Carattini remain on bond until such time as the allegations contained in the petition may be addressed by this Honorable Court.

**I HEREBY** certify that a true and correct copy of the foregoing was mailed to AUSA, 99 NE 4th Street, Miami, FL 33132 and Steve Aasterud, Probation Officer, U.S. Federal Courthouse, 299 E. Broward Blvd., Rm. 409, Ft. Lauderdale, FL 33301 this 30 day of September, 2003.

JAMES S. BENJAMIN, ESQUIRE
Florida Bar No.: 293245
BENJAMIN & AARONSON, P.A.
One Financial Plaza, Suite 1615
Fort Lauderdale, Florida 33394
Telephone: 954-779-1700
Facsimile: 954-779-1771

THIS INSTRUMENT PREPARED BY AND RETURN TO:

Reliant Title Services, Inc.
11555 Heron Bay Boulevard
Coral Springs, FL 33076
Property Appraisers Parcel Identification (Folio) Number: 19104-29-02700
Grantees SS #s:

```
INSTR # 103352760
OR BK 36138 Pages 292 - 292
RECORDED 09/29/03 15:42:28
BROWARD COUNTY COMMISSION
DOC STMP-D: $0.70
DEPUTY CLERK 2030
#1, 1 Pages
```

_____SPACE ABOVE THIS LINE FOR RECORDING DATA_____

THIS WARRANTY DEED, made the 17th day of September, 2003 by MARK CARATTINI, a single man, and RHIANNA HEED, a single woman, herein called the grantor, to RHIANNA HEED, a single woman, whose post office address is 8096 BUTTONWOOD CIRCLE, TAMARAC, FLORIDA 33321, hereinafter called the Grantee:
*(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)*

W I T N E S S E T H: That the grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in BROWARD County, State of Florida, viz.:

> Lot 27, Block 1, WOODMONT TRACT 65, according to the Plat thereof, as recorded in Plat Book 91, Page 50, of the Public Records of Broward County, Florida.
>
> Subject to easements, restrictions and reservations of record and to taxes for the year 2003 and thereafter.

TOGETHER, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND, the grantor hereby covenants with said grantees that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2002.

IN WITNESS WHEREOF, the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
Witness #1 Signature

_Michael Klevens_
Witness #1 Printed Name

_____
Witness #2 Signature

_Steven Romanello_
Witness #2 Printed Name

_____
MARK CARATTINI
8096 BUTTONWOOD CIRCLE
TAMARAC, FLORIDA 33321

_____
RHIANNA HEED
8096 BUTTONWOOD CIRCLE
TAMARAC, FLORIDA 33321

STATE OF FLORIDA
COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this 17th day of September, 2003 by MARK CARATTINI and RHIANNA HEED who are personally known to me or have produced _Florida Drivers License_ as identification.

SEAL

Steven J. Romanello
Commission #DD123456
Expires: Feb 11, 200_
Bonded Thru
Atlantic Bonding Co., Inc.

_____
Notary Public

_Steven Romanello_
Printed Notary Name

My Commission Expires:


EXHIBIT A

File No. 03-056