UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARK CARATTINI,

    Defendant.
_____/

NIGHT FIL
NOV 0 4 2003
CLARENCE M.
CLERK, USDC / SD

MOTION FOR IMMEDIATE RELEASE ON BOND PENDING RESOLUTION
OF SECOND SUPERSEDING WARRANT FOR ARREST OF PROBATIONER
ALLEGING VIOLATIONS WHILE UNDER SUPERVISION

The Defendant, MARK CARATTINI, by and through his undersigned counsel, James S. Benjamin, Esq., Benjamin & Aaronson, P.A., moves this Honorable Court to immediately release the Defendant on conditions of bond until the Second Superseding Warrant for Arrest of Probationer for Violating Conditions is resolved and for grounds therefore states as follows:

    1. That pursuant to the filing of a Second Superseding Petition for Warrant for offender under supervision filed by United States Probation Officer Steven Aasterud, this Honorable Court executed a Second Superseding Warrant for Arrest of probationer and affixed a notation "no bond" to that warrant.

    2. Undersigned counsel is aware of this Honorable Court's practice of consulting with United States Probation Officers to gather more information on the allegations of violations of probation before acting on petitions. Undersigned counsel is **not** claiming that this practice of ex parte communication is in anyway

1

improper. The fact of the matter is that the only input that this Honorable Court had to base your Honor's decision on concerning bond was this ex parte communication with the probation officer. Undersigned counsel respectfully submits there is a plethora of information that this Court should consider before Mr. Carattini languishes in custody until the time of a final disposition of these allegations.

3. It is respectfully submitted that Probation Officer Steven Aasterud has lost all objectivity and professionalism concerning Mark Carattini. It is respectfully submitted that the allegations in this case were initially precipitated and have been exacerbated by the continual and constant inappropriate communication between probation officer Steven Aasterud and Mark Carattini's estranged girlfriend, Rhiana Heed. It is respectfully submitted that Ms. Heed is utilizing her relationship with Mr. Aasterud through manipulation, lies, half-truths, and innuendos, as a sword to get to her estranged boyfriend, Mark Carattini, and as a shield, to blame him for her misdeeds that have been committed by Ms. Heed herself.

4. Ms. Heed has confirmed to undersigned counsel that before the initial violation report was filed by Mr. Aasterud, she and Mr. Aasterud had exchanged cell phone numbers and she communicated regularly with Mr. Aasterud concerning Mr. Carattini. Upon information and belief that constant communication has continued throughout the First and Second Superseding violation report and continues to this very day.

5. The relationship between Mr. Carattini and Ms. Heed deteriorated significantly after the First Amended Petition was filed and this Honorable Court agreed to allow Mr. Carattini to continue on his initial bond. Mr. Carattini moved out of the home that he shared with Ms. Heed and moved in with his mother. At that time Mr. Carattini reconciled with his previous girlfriend, Shari Zeibert, the mother of Mr. Carattini's daughter and the subject of the child support payments that Mr. Carattini makes. Ms. Heed learned of Mr. Carattini's revived relationship with Ms. Zeibert and went absolutely ballistic. Without warning, Ms. Heed took all of Mr. Carattini's possessions, furniture, clothing and all of his personal possessions, and put them out on the front lawn of their home allowing them to be stolen before Mr. Carattini could retrieve them from the home. Further, it is respectfully submitted that Ms. Heed continued to communicate with Mr. Aasterud and alleged to him the facts that became the basis for the new allegations contained in the Second Superseding Petition.

6. The Second Superseding Petition contains only two new allegations. One, concerning the poker game, and two, the alleged verbal threat of September 14, 2003.

7. As to the allegation concerning the poker game, during the time Mr. Carattini was providing substantial assistance to the government and to the Broward Sheriff's Office through Detective Mark Davis, Mr. Carattini was involved in a regularly scheduled poker game. This fact was well known to Detective Davis and Mr. Carattini was instructed not to "shut down" the poker game as this

3

would compromise the on-going investigation that resulted in the arrest of numerous individuals for gambling, drugs and other charges that were being pursued by the Broward Sheriff's Office pursuant to Mr. Carattini's cooperation. Those individuals were arrested just days before Mr. Carattini came before this Honorable Court pursuant to the government's Motion for Reduction of Sentence based on his substantial assistance which resulted in his final sentence on April 1, 2003.

8. Mr. Carattini has not been involved in that poker game at any time after his sentencing before the Court on April 1, 2003. Mr. Carattini told his then fiancee, Rhiana Heed that he was prohibited from and would not have anything to do with that poker game at the time he was placed on house arrest and was sentenced by this Honorable Court. It was **RHIANA HEED** who then took it upon herself to operate that poker game. She first rented an apartment in an extended stay hotel in Deerfield Beach and subsequent to that time bought a condominium and operated that poker game there continuously until recently. Ms. Heed kept every dime of money that she made by operating that game. Mr. Carattini did not make a single penny while Ms. Heed operated that game at any time after he was sentenced by this Court on April 1, 2003. Instead of independently investigating allegations provided to Mr. Aasterud by Ms. Heed, Mr. Aasterud, as usual, believed Ms. Heed hook, line and sinker and added this allegation concerning the poker game to the long litany of violations against Mr. Carattini.

9. It is respectfully requested that this Honorable Court

consider having the Probation Department assign an independent probation officer to this file based upon the allegations of inappropriate contact and conduct of Mr. Aasterud and Ms. Heed.

10. Pursuant to their over three year relationship, Mr. Carattini has come to know Ms. Heed's habits which include particularly, the habit of writing lists. During their estrangement at the end of their relationship before Mr. Carattini moved out of their home, Mr. Carattini found one of Ms. Heed's lists in the home. Attached hereto and made a part hereof as <u>Exhibit A</u> is that list. It is respectfully submitted that this particular list in Ms. Heed's handwriting corroborates, <u>at least</u>, that there definitely was communication between Ms. Heed and Mr. Aasterud, and <u>at most</u>, an inappropriate relationship between Mr. Aasterud and Ms. Heed. Mr. Carattini found this note around the same day as Mr. Aasterud told Mr. Carattini that he was probably going to jail as Mr. Aasterud was filing the First Superseding Petition against Mr. Carattini. It is respectfully submitted that the "change lock" and the "P.O. change address" entries on Ms. Heed's list shows that she anticipated Mr. Carattini going to jail and her being able to accomplish those tasks without Mr. Carattini being around their home. It is respectfully submitted that the rest of the entries in that note are self-explanatory. **<u>The question remains as to why Ms. Heed would write Mr. Asterud's name directly above the word "sex" on a list of things to do that she prepared and then crumbled up and hid away in the same house that she shares with Mr. Carattini</u>**.

11. As to the remaining new allegation contained in the Second Superseding Petition, this incident was well known to Mr. Aasterud as undersigned counsel has discussed this matter with him on several occasions. On that particular day, Ms. Heed brought another man to the home she shared with Mr. Carattini who was on home detention and unable to leave the premises. In an emotional reaction to Ms. Heed's paramour being brought over to their shared home, Mr. Carattini and Ms. Heed argued with one another on the telephone. Ms. Heed committed a Florida State felony by illegally recording that conversation and immediately communicating it to Mr. Aasterud in a ruse and in order to hurt Mr. Carattini. Mr. Carattini, not wanting to be a prisoner in the home where his estranged girlfriend was flaunting another man in his face, called his home detention supervisor and told him that he was leaving the premises as Ms. Heed was bringing her boyfriend there. He called his friend Richard Luciano to come be a witness to what Ms. Heed intended to do on the premises, and also called the police so that there was no problem that occurred on the premises. Mr. Luciano and the police showed up at the home and the police observed no problem whatsoever at the premises.

12. It is respectfully submitted that the circumstances have not changed whatsoever since this Honorable Court released the Defendant on the two prior violation petitions that would warrant Mr. Carattini being incarcerated pending the final outcome of these allegations. Although never being addressed by the Court or anyone else, it is submitted that Mr. Aasterud improperly terminated Mr.

Carattini's employment where he was working as a mortgage broker for no apparent reason. Mr. Carattini immediately got a job at Tropical Chevrolet located at 8880 Biscayne Boulevard in Miami and has been undergoing ongoing training to become a service writer at that establishment. From the very day that Mr. Carattini started at Tropical Chevrolet, Mr. Asterud has been falsely accusing Mr. Carattini's friend, who got the job for him at Tropical Chevrolet and also works there, Richard Luciano, of being a convicted felony and a person that Mr. Carattini cannot associate with. Mr. Carattini had no knowledge that Mr. Luciano was a convicted felon and confronted Mr. Luciano with it telephonically upon learning that from Mr. Aasterud. Mr. Luciano adamantly denied being a convicted felon. Mr. Aasterud repeated his accusations not only to Mr. Carattini but to Mr. Carattini's mother and other family members concerning Mr. Luciano. It turns out that Mr. Luciano in fact is **not** a convicted felon. Mr. Luciano has informed undersigned counsel that Mr. Carattini's job is being held for him and he is still able to be employed at Tropical Chevrolet if this Court would consider releasing him pending the outcome of these proceedings.

13. Mr. Carattini is able to live at his mother's house or now with his former girlfriend, Shari Zeibert and his daughter as he has since reconciled with Ms. Zeibert and they have resumed their relationship. It is respectfully requested that if this Honorable court were to release Mr. Carattini that another probation officer besides Mr. Aasterud should be assigned to this

7

case.

14. There are countless other details that this Court should be made aware of concerning what has transpired during the last few months during the break down and ending of the relationship between Mr. Carattini and Ms. Heed. It is respectfully submitted that it is Ms. Heed's retaliatory actions in a jealous and vindictive rage believed hook, line and sinker by Mr. Aasterud that have precipitated most or all of the problems that Mr. Carattini now faces.

WHEREFORE undersigned counsel respectfully requests that this Honorable Court immediately release Mr. Carattini on the bond that he was previously released upon or immediately commence a hearing to determine conditions of his release.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail to Diana Hernandez, Esq., U.S. Attorney's Office, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394 and Steven Aasterud, Probation Officer, U.S. Federal Courthouse, 299 East Broward Boulevard Room 409, Fort Lauderdale, Florida 33301 this 3rd day of November, 2003.

JAMES S. BENJAMIN, ESQ.
Benjamin & Aaronson, P.A.
One Financial Plaza; Suite 1615
Fort Lauderdale, Florida 33394
(954) 779-1700
Fla. Bar No. 293245

- Change lock
- P.O. - Change address
- CAR Payment
- Ticket
- Oil Change
- Steve Austrich
- S-E-X !!!

