UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6359-CR-SEITZ

00-6309 CR.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARK CARATTINI,

        Defendant.

_____/

NIGHT BOX FILED
NOV 1 4 2003
CLERK, USDC / SDFL / WPB

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR IMMEDIATE RELEASE ON BOND

The United States of America, by and through its undersigned Assistant United States Attorney, files its Government's Response In Opposition to Defendant's Motion for Immediate Release on Bond, as follows:

1. On October 27, 2003, the defendant was arrested, pursuant to a second superseding arrest warrant issued by this Court, and remanded to the custody of the United States Marshal (DE-1471-73). This Court's arrest warrant specified that the defendant be held without bond.

2. The second superseding arrest warrant was issued upon a petition by the United States Probation Officer (DE-1464-65). The probation officer based his petition upon information provided by the United States Attorney's Office for the Southern District of Florida and the Federal Bureau of Investigation.

1478

3. Following the defendant's arrest and incarceration, the defendant's counsel filed a motion seeking the release of the defendant on bond (DE-1474). The defendant's motion also seeks to have the defendant's supervision reassigned to a different probation officer. The United States contends that the probation officer has, at all times, acted in a professional manner in this case.

4. Following his arrest on the second superseding arrest warrant, the defendant made his initial appearance before United States Magistrate Judge Robert L. Dube (DE 1472-73). Neither the undersigned nor any other Assistant United States Attorney assigned to the defendant's case was present for the hearing before Magistrate Judge Dube. Upon learning of the hearing, the undersigned Assistant United States Attorney contacted (AUSA)Benjamin Greenberg who handled the defendant's appearance before Magistrate Judge Dube. AUSA Greenberg stated that the probation officer acted, at all times, in a calm and professional manner.

5. A probation officer is required to:

> keep informed to the degree required by the sentencing court, as to the condition of a probationer or a person on supervised release, who is under his supervision, and report his conduct and condition to the sentencing court.

18 U.S.C. §3603(2). The probation officer in this case would have been remiss in his duties if he had failed to report the

2

defendant's behavior to this Court. Further, the defendant's former girlfriend was a witness with relevant information concerning the defendant's conduct and condition.

6. On September 14, 2003, the defendant's former girlfriend, Rhianna Heed, contacted the defendant in an effort to visit the residence they had shared in order to retrieve her belongings. During a recorded telephone conversation, the defendant refused to allow Ms. Heed and a male companion into the residence. During this same conversation, the defendant admitted that he had provided Ms. Heed with a false quit claim deed. Referring to Ms. Heed's male companion, the defendant stated: "I'm calling Richie (referring to Richie Luciano) right now to come over and beat the f___k out of the guy." Richie Luciano is a friend and associate of the defendant. At the hearing on this matter, the United States intends to introduce this recorded conversation, as well as Ms. Heed's telephone call to police.[1]

7. Following the above-described conversation, Ms. Heed called the Broward Sheriff's Office to request a police escort during her attempt to retrieve her belongings. During Ms. Heed's telephone call to the police, Richie Luciano arrived at Ms. Heed's

---

[1] Notwithstanding the legality under state law, Ms. Heed recorded her conversation with the defendant. The rules of evidence, with the exception of privileges, are not applicable to hearings concerning the revocation of probation F.R.E. 1101(d)(3). Further, the interception of conversations, even if contrary to state law, does not render such evidence inadmissible under Federal law. See, e.g., Park v. El Paso Bd. Of Realtors, 764 F.2d 1053 (5th Cir. 1985).

location and assaulted her. The telephone call was recorded by the police.[2]

8.   Furthermore, the defendant's operation of an illegal gambling site constitutes a violation of his probation. Any alleged prior cooperation with law enforcement authorities is irrelevant. While on probation, the defendant could not engage in such activity, even under the auspices of assisting law enforcement, without the express authorization of this Court.

9.   Moreover, the recorded extortionate telephonic threat by the defendant is a clear indication of his propensity to engage in violence and is sufficient basis to detain him.

WHEREFORE, the United States respectfully requests that the defendant's Motion for Immediate Release on Bond and reassignment of the probation officer be denied.

Respectfully submitted,
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY
COURT NO. A5500063
500 E. BROWARD BOULEVARD, SUITE 700
FORT LAUDERDALE  FL  33394
TEL. (954) 356-7254
FAX (954) 356-7228

---

[2]The United States is providing the defendant copies of the recordings in conjunction with this motion response. A proposed order authorizing the United States to bring a tape player into the United States Courthouse for use in court is attached.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing motion response has been mailed, this 14th day of November, 2003, to: James S. Benjamin, Esquire, One Financial Plaza, Suite 1615, Fort Lauderdale, FL 33394.

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY